

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-29-2004

# Berhe v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2060

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Berhe v. Atty Gen USA" (2004). *2004 Decisions.* Paper 453.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/453

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2060
_____

ALEM ANDE BERHE,

Petitioner

v.

JOHN ASHCROFT,
UNITED STATES ATTORNEY GENERAL,

Respondent

_____

On Petition For Review of an Order of
The Board of Immigration Appeals
(BIA No. A79-726-783)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 6, 2004

Before: SLOVITER, FUENTES, Circuit Judges, and POLLAK, District Judge.*

(Opinion Filed July 29, 2004)

_____

OPINION OF THE COURT

_____

* The Honorable Louis H. Pollak, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

FUENTES, Circuit Judge:

The petitioner, Alem Ande Berhe, appeals from an order of the Board of Immigration Appeals ("BIA"), affirming the decision of the Immigration Judge ("IJ"). The IJ denied Berhe asylum, withholding of removal, and protection under the Convention Against Torture Act ("CAT"), finding that Berhe was not credible after noting significant evidentiary gaps in his application for relief. The IJ determined that Berhe failed to establish past persecution or demonstrate a well-founded fear of future persecution in Eritrea due to his political opinion. Therefore, the IJ held that Berhe was unable to satisfy the evidentiary showing necessary to support asylum, or the greater burden necessary for withholding of removal or protection under the CAT.

Berhe filed a timely Petition for Review to this Court. We have jurisdiction over a final order of the BIA under 8 U.S.C. § 1252(a)(1). Because we conclude that substantial evidence supports the IJ's decision, we will deny the Petition for Review.

I.

Berhe is a 40-year-old native of Eritrea. Berhe attempted to enter the United States at JFK International Airport on June 5, 2002, without a visa or proper travel documentation. He claims to have left Eritrea on December 8, 2000 because he was afraid of being arrested for writing two political articles published in an Eritrean periodical called "Sitit" earlier that month. According to Berhe, the first of these articles criticized tax exemptions provided by the Eritrean government to larger businesses that

2

competed with smaller businesses such as the bakery and store he owned. The second article addressed the government's detainment of certain Eritrean businessmen who had never been formally charged with crimes. Berhe wrote both of these articles using a pen name.

Berhe claims that, on December 8, 2000, three days after the second article was published, uniformed government officials came to his house looking for him. Berhe was at work when they arrived. His sister, who lived with him, later told him that the officials took documents from his home, including copies of his two articles. As a result of this incident, Berhe claims that he immediately left Eritrea for Sudan. Thereafter, his family informed him that uniformed officials again came looking for him, this time at his bakery and store.

Berhe testified that he resided in Sudan until December 2001, when he left to make his way to the United States. Because he believed that entrance into the United States would be easier through Asia, Berhe moved to China, where he stayed for six months, and then to Malaysia, where he remained until June 2002 when he came to the United States.

## II.

This Court "will not disturb the IJ's credibility determination and findings of fact if they are 'supported by reasonable, substantial and probative evidence on the record considered as a whole.'" Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003),

3

quoting <u>Balasubramanrim v. INS</u>, 143 F.3d 157, 161 (3d Cir. 1998). Berhe argues that the IJ's adverse credibility findings are not supported by substantial evidence. We disagree. The record shows several inconsistencies and evidentiary gaps upon which the IJ based her adverse credibility determination. Given the evidentiary gaps in Berhe's application, we agree with the IJ's conclusion that Berhe was not credible and that he, therefore, failed to show past persecution as a result of his political opinions. We also agree that Berhe failed to show a well-founded fear of future persecution if he is returned to Eritrea.

Berhe asserts that the two articles he allegedly wrote for Sitit, and which were published in early December 2000, caused the Eritrean government to target him for arrest. However, Berhe also testified that there was free press in Eritrea until September 1, 2001. Berhe failed to explain why the government would have sought to arrest him for writing political articles ten months before the end of free press. Berhe also failed to produce copies of his articles for review, despite the fact that Sitit was a widely circulated newspaper.

In addition, Berhe does not offer sufficient explanation as to how the government knew he was the author of the articles, which he wrote under a pseudonym. Berhe contends that he submitted his identification card to another journalist, Dawit Isaac, because the government required authors to submit a legal name and address to newspapers before contributing articles. The IJ was not satisfied with this explanation

4

because Berhe testified that he and Isaac had been close friends for several years. Berhe failed to explain why a friend would need possession of his identification card, particularly when Isaac was a contributing journalist and not an editor of the newspaper. In addition, the IJ found it inconsistent that Berhe would use a pseudonym, presumably for the purpose of shielding his identity from the government, if the government nevertheless required him to submit his real name and address, as Berhe contends it did.

The IJ was also unconvinced by Berhe's claim that government officials came to his home to arrest him because, according to his testimony, they arrived at a time when he was unlikely to be there and then left rather than waiting for him to return. Berhe stated that he maintained a routine work schedule and, therefore, his whereabouts during the workday were well known within his community. If the officials were seeking to arrest him, they could presumably have done so at his place of business.

Berhe also failed to substantiate his posited fears of future persecution by showing that the Eritrean government had a continuing interest in arresting him. The IJ reasonably concluded that if in fact government officials visited Berhe's home on December 8, 2000, the day he left for Sudan, one such visit does not show an on-going interest in arresting him. Although Berhe testified that his family informed him of subsequent visits by officials to his home and business, he did not volunteer this material information on direct examination, nor did he make any reference to a subsequent visit in his asylum

5

application. Further, an affidavit from his sister described only the visit on December 8, 2000, and made no mention of a later visit to Berhe's home or business.

In addition, the IJ was not convinced by Berhe's argument that the Eritrean government sought to arrest him for having participated in a political organization, the Eritrean Liberation Front Revolutionary Council ("ELF-RC"), while he was in Sudan. Again, Berhe fails to provide any direct or indirect evidence to support his claim that the Eritrean government knew of his participation in this political organization. He asserts that the government would have discovered his membership through public debates in which he spoke out against it. However, we agree with the IJ that this explanation is too vague and unsubstantiated to support a conclusion that the government had actual knowledge of his participation in ELF-RC.

Finally, Berhe also fails to provide any compelling evidence that his family currently residing in Eritrea is the target of continual harassment by the government. Such evidence could support an asylum applicant's claim of potential future persecution. However, "[w]ithout some explanation, the fact that close relatives continue to live peacefully in the alien's homeland undercuts the alien's claim that persecution awaits his return." Aguilar-Solis v. INS, 168 F.3d 565, 573 (1st Cir. 1999). Although his asylum application briefly alluded to his family's being harassed by the government, Berhe made no such statements in his asylum interview, and failed to offer any evidence of such

6

harassment. Additionally, Berhe's sister stated in her affidavit that she continues to live in Eritrea and manage the family's businesses without government interference.

We thus find that the IJ's adverse credibility determination was supported by substantial evidence. We agree that Berhe failed to provide compelling evidence that he suffered past persecution in Eritrea or has a well-founded fear of future persecution if he is returned. Because Berhe failed to meet the evidentiary showing necessary for asylum, he also failed to satisfy the more exacting burden of proof required for withholding of removal or protection under the CAT.

## III.

We also reject Berhe's claim that he was denied "meaningful review" by the BIA's affirmance of the IJ's decision without opinion. Appellant Br. at 7. The BIA is not required to articulate its reasons for affirming an IJ's order, and may adopt the IJ's opinion without further explanation. Dia v. Ashcroft, 353 F.3d 228, 240 (3d Cir. 2003).

## IV.

Accordingly, for the reasons stated above, we deny Berhe's Petition for Review.

7